**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HERMINIO PADILLA-BARBOSA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2232-D** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Herminio Padilla-Barbosa, a noncitizen[1] and Mexican national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set a briefing schedule, Doc. 6, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court deny the Petition.

## I. Background

Petitioner, a citizen of Mexico, entered the United States at an unknown place and time more than a decade ago. Pet. at 8-9; Doc. 9-2 at 1 (Notice to Appear).[2] On July 14, 2026, ICE arrested him. Doc. 9-1 at 1 (Warrant for Arrest of Alien). The same day, ICE

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to all filings use the CM/ECF page numbers in the documents' headers.

placed him into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through a Notice to Appear and charged him with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) as a person present in the United States without admission or parole. Doc. 9-2 at 1.

Petitioner sought a bond hearing through counsel, "present[ing] evidence of his continuous presence [in the United States] for over a decade, evidence of U.S. citizenship children and other family and community ties, [evidence of] a financial sponsor, evidence of no criminal history, evidence of a fixed address, and evidence of good moral character." Pet. at 9. An Immigration Judge ("IJ") conducted a bond hearing lasting about nine minutes on July 31, 2026, where Petitioner was represented by counsel. Pet. at 9; *see* Doc. 10 (audio recording of bond hearing). The IJ acknowledged he received (1) the motion for custody redetermination with supporting documents, (2) Petitioner's supplemental materials, and (3) ICE's Form I-213. Doc. 10. Neither Petitioner nor the Government offered other evidence or objected to the other's submissions. *Id.* Petitioner's immigration counsel had multiple opportunities to argue for bond. *Id.* During the hearing, Petitioner's immigration counsel indicated he would seek adjustment of status based on Petitioner's children who are United States citizens, but counsel conceded no application for that relief had been filed. *Id.*

The IJ indicated in a written order he gave "full consideration [to] the evidence presented." Doc. 1-1 at 2 (Order of IJ). He denied Petitioner's bond request, finding he "did not establish [he was] not a flight risk." *Id.* No further reasons for the IJ's decision are in the written order. *See id.* at 2-3.

The IJ orally credited Petitioner for being in the United States "approximately 15 years" and for his relationships with his children (United States citizens) and brother (a lawful permanent resident). Doc. 10. But the IJ determined he lacked evidence of "steady employment" or a "fixed address" shown through a lease or other document. *Id.* The IJ found it "hard to discern the likelihood of [Petitioner's] success" on a future status adjustment request. *Id.* And the IJ found "most significant[]" that, according to the I-213, Petitioner "initially refused to identify himself" and "became combative" when approached by ICE officers, "suggest[ing]" to the IJ "a willingness not to comply with future Immigration Court orders or to appear for future hearings."[3] *Id.* Petitioner now alleges he identified himself "shortly after" he was approached by ICE, Pet. at 10, which Respondents do not contest.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at 6. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 20, 2026). His immigration proceedings are ongoing. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Nov. 20, 2026).

[3] An "I-213" is the standard form used by ICE for a "Record of Deportable/Inadmissible Alien." Neither party provided the I-213 for Petitioner to this Court. Petitioner argues "the [IJ] did not explain how initial reluctance to identify oneself during an unexpected law-enforcement encounter . . . . connect[s] . . . to [a likelihood of] future nonappearance." Reply at 3-4. The undersigned disagrees. The IJ orally stated how he believed Petitioner's actions "suggest[ed] . . . a willingness not to comply with future Immigration Court orders or to appear for future hearings." Doc. 10.

## II. **Petitioner's Claim**

Petitioner asserts a single claim for violation of Due Process, arguing a bond "hearing that exists only in form does not satisfy the Fifth Amendment." Pet. at 11. He alleges the IJ did not make "individualized findings explaining why detention remained necessary." *Id.* at 13; *see also id.* at 20 (arguing an IJ must articulate "factual findings connecting evidence to the asserted likelihood of flight" so "a reviewing court can determine whether continued incarceration resulted from individualized adjudication or from an unexplained presumption against release"). Petitioner argues the burden of proof at a bond hearing should be on the Government. *See id.* at 13-18. He further faults the IJ for seemingly relying on the unfiled nature of his status-adjustment application to deny bond because "if uncertainty [regarding the application's likelihood of success] alone were enough to establish flight risk, individualized custody determinations would cease to be individualized at all." *Id.* at 22 (citation modified).[4]

Petitioner asks for his immediate release. *Id.* at 24-25. Alternatively, he seeks an order "requir[ing] Respondents to provide a constitutionally adequate custody hearing" before a different IJ with the Government bearing the burden of proof to show he is a danger to the community or a flight risk. *Id.* at 25; *see id.* at 25-27.

---

[4] Petitioner also alleges the IJ who denied him bond may not have been impartial, based on news accounts from other current and former IJs describing their experiences. *See* Pet. at 11-13. No admissible evidence of bias against the IJ is presented. *See id.* And, Petitioner clarifies, these allegations only "provide[] context" for his claim. Reply at 6. The undersigned finds it unnecessary to address these allegations.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. The Court has jurisdiction to consider the Petition.

As a threshold matter, the Court has jurisdiction to address Petitioner's constitutional claim challenging the adequacy of his bond hearing. Under 8 U.S.C. § 1226(e), "a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026). That section "does not, however, deprive [courts] of jurisdiction to hear constitutional challenges to the extent of the Government's detention authority under the statutory framework as a whole." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (finding section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law" (citation modified)).

Respondents do not dispute this Court's jurisdiction for habeas review in these circumstances. Judges in this District have found jurisdiction to consider whether a petitioner's due process rights were violated at an IJ's bond hearing. *E.g.*, *Sin Johal v.*

*Bondi*, No. CIV-25-1408-J, 2026 WL 893185, at *2 (W.D. Okla. Apr. 1, 2026) (analyzing due process and agreeing "a procedural due process violation likely occurred" at a bond hearing when the wrong standard was used, but it was rendered harmless by the IJ's subsequent order citing the correct standard); *Singh v. Mullin*, No. CIV-26-1083-J, 2026 WL 3027159, at *2 (W.D. Okla. Sept. 30, 2026) (R&R) (finding limited habeas jurisdiction existed, but no due process violation occurred), *adopted* 2026 WL 3030050, at *1 (W.D. Okla. Oct. 8, 2026). Accordingly, the Court has jurisdiction over Petitioner's claim to the extent he asserts his due process rights were violated.

**B. Petitioner has not shown the IJ violated his due process rights at the bond hearing.**

Petitioner and Respondents agree he is detained under 8 U.S.C. § 1226(a). Pet. at 14; Resp. at 1. "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). When "§ 1226 governs Petitioner's detention, the due process owed to [him] is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("Because § 1226(a) governs Petitioner's detention, Petitioner is entitled to the custody procedures provided by that statute. . . . An individualized custody redetermination hearing [will] provide Petitioner with the process he is due under the statute.").

On July 31, 2026, after a bond hearing where Petitioner was represented by counsel, the IJ denied bond after finding he "did not establish [he was] a flight risk." Doc. 1-1 at 2. This Court's review of the IJ's decision is limited to whether the IJ exercised his discretion in accordance with the law when denying bond. Petitioner must show the IJ's "decision was somehow legally erroneous or unconstitutional." *Kumar*, 2026 WL 753944, at *2. "Habeas relief is appropriate only if the [IJ's] exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process." *Nucamendiz*, 2026 WL 221449, at *2 (citation modified). "To make this showing, [Petitioner] can either point to the language of the immigration judge's opinion or demonstrate that the evidence itself could not—as a matter of law—have supported the immigration judge's decision to deny bond." *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 143 (D. Mass. 2019) (citation modified).

"In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen '(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests.'" *De Souza v. Soto*, No. CV 25-18734, 2026 WL 102946, at *3 (D.N.J. Jan. 14, 2026) (citation modified) (quoting *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)); *see also Singh*, 2026 WL 3027159, at *3 (applying these requirements); *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 1239322, at *3-4 (W.D. Okla. Apr. 17, 2026) (R&R) (same), *adopted sub nom.*, *Casallas v. Jones*, 2026 WL 1233127, at *1 (W.D. Okla. May 5, 2026).

Petitioner fails to show he received a constitutionally defective hearing. The IJ indicated he gave "full consideration [to] the evidence presented" when ruling. Doc. 1-1 at 2. And he orally acknowledged receipt of Petitioner's evidence. *See* Doc. 10. Petitioner provides only speculation and the fact that individual items of evidence are not cited in the IJ's written order to show otherwise.

An IJ's mere failure to identify, line-by-line, all information considered in a written order is not enough to show a violation of due process rights, at least when the evidence is orally acknowledged by the IJ. *See Singh*, 2026 WL 3027159, at *3 (rejecting the argument due process rights were violated when "the IJ's order lack[ed] much detail" but the petitioner "fail[ed] to point to any document the IJ did not consider" or "establish[] he did not receive a true individualized hearing"). Petitioner cites no precedent indicating an IJ must provide a written, evidentiary-item-by-evidentiary-item explanation for his bond decision beyond the IJ's oral reasoning.

Petitioner does not show (1) the evidence relied on by the IJ was not provided to him; (2) his counsel was not allowed to make arguments to the IJ; or (3) the IJ's determination was not individualized to him. *See De Souza*, 2026 WL 102946, at *3 (denying petitioner's motion to enforce a habeas judgment requiring a bond hearing where "the IJ did not 'summarily' deem Petitioner a flight risk" but conducted an individualized review); *see also Nucamendiz*, 2026 WL 221449, at *2 (finding the IJs' determinations that petitioners were a flight risk did not violate due process because "Respondents and Petitioners were each permitted to present evidence of risk of flight at their respective hearings, and the reasons given by the immigration judge were, in each case, specific to

the petitioner's circumstances and plausibly related to the risk that the petitioner would abscond"); *accord Velasquez Salazar*, 806 F. Supp. 3d at 1243 (granting habeas relief when materials submitted by the petitioner to the IJ were not given "meaningful consideration"). Nothing in the audio from the bond hearing suggests the IJ made a categorical determination regarding Petitioner based on a characteristic without considering all evidence before him that was specific to Petitioner.[5]

Petitioner generally frames his Petition as a constitutional challenge that his bond hearing did not comply with due process. But, in many respects, he asks the Court to re-weigh the evidence presented at the bond hearing to reach a different result from the IJ by deciding Petitioner's evidence, Pet. at 19, is more persuasive than the Government's evidence about his actions just before his arrest, *id.* at 19-20. This Court cannot review the IJ's discretionary bond determination, as 8 U.S.C. § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz*, 2026 WL 221449, at *1 (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and indicating "the Attorney General's exercise of discretion [through IJs regarding detention] is not subject to judicial review").

---

[5] To the extent Petitioner faults the IJ for not giving adequate weight to his application for status adjustment because it was not yet filed, Pet. at 21-22, the Court lacks jurisdiction to review the IJ's analysis. 8 U.S.C. § 1226(e). Petitioner can request a custody redetermination once he formally seeks status adjustment based on that material change to his circumstances. *See* 8 C.F.R. § 1003.19(e).

Finally, Petitioner argues he wrongly had the burden of proof at the bond hearing. Pet. at 13-18. The IJ's approach adheres to ICE regulations and BIA precedent. *See, e.g.*, *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (stating "the burden is on the alien to show to the satisfaction of the [IJ] that he or she merits release on bond" (citation modified)). In addition, Judges in this District, including the Court, have consistently declined to order burden shifting. *See, e.g.*, *Escobar v. Mullin*, No. CIV-26-1291-D, 2026 WL 3270063, at *2 (W.D. Okla. Oct. 30, 2026) ("declin[ing] to alter the burden of proof" at a bond hearing without "a statutory mandate or binding precedent requiring burden shifting"); *Arafat v. Warden*, No. CIV-26-1926-R, 2026 WL 3393110, at *1 (W.D. Okla. Nov. 9, 2026) ("Th[e] Due Process Clause of the Fifth Amendment is not offended by placing the burden of proof on the noncitizen at a bond hearing"); *Pupo Socarras v. Figueroa*, No. CIV-26-571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) (same). Petitioner provides no extraordinary circumstances for the Court to depart from its prior approach.[6] Accordingly, the Petition should be denied.

[6] Petitioner cites one instance in this District where the burden at a bond hearing was placed on the Government—in *Singh v. Johnson*, No. CIV-26-416-SLP, 2026 WL 1999822, at *8 (W.D. Okla. Apr. 21, 2026) (R&R), *adopted sub nom.*, *Singh v. Mullin*, 2026 WL 1538146, at *2 (W.D. Okla. June 1, 2026). Pet. at 16. *Singh* is not analogous. There, Judge Maxfield found § 1226(a) governed a petitioner's detention and recommended the Government bear the burden of proof at a bond hearing. 2026 WL 1999822, at *6-10. Chief Judge Palk ordered a bond hearing with burden shifting because respondents did not object to the recommendation of burden shifting and "waived review of such issues." 2026 WL 1538146, at *2. Also, here, Petitioner has already received a bond hearing.

## V. <u>Recommendation and Notice of Right to Object</u>

For these reasons, the undersigned recommends that the Court **DENY** the Petition for habeas relief, Doc. 1.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **December 4, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 11, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of November, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE